UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCIE GLOWACKI,

    Plaintiff,

v.

ANDREA BADALUCCO, et al.,

    Defendants.

_____/

Case No. 20-10692
Honorable Victoria A. Roberts

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [ECF No. 13] AND DISMISSING THE CASE**

**I.      INTRODUCTION**

In this diversity case, Marcie Glowacki alleges that Andrea Badalucco and the Law Office of Andrea Badalucco, PLLC (the "Badalucco Firm"; collectively "Defendants") committed legal malpractice while representing her in her divorce case.

Defendants move the Court to dismiss the case as time-barred and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

The Court **GRANTS** Defendants' motion. The case is **DISMISSED WITH PREJUDICE**.

## II. FACTS

In 2017, Glowacki retained Badalucco to represent her in her divorce from her now ex-husband Martin Glowacki ("Dr. Glowacki") in Oakland County Circuit Court. As part of the divorce proceeding, the circuit court appointed a receiver over Dr. Glowacki's medical practice and entered an interim order of support for Glowacki. The Glowackis also agreed to the appointment of a joint business valuation expert to assess the value of Dr. Glowacki's medical practice.

On February 26, 2018, Badalucco moved to withdraw as Glowacki's counsel, citing a breakdown in the attorney-client relationship. The circuit court held a hearing on that motion on March 7, 2018. After questioning the parties about how Badalucco's withdrawal would affect dates in the case, the judge stated, "I will give … an adjournment of 30 days and I will enter your request to withdraw." [ECF No. 17-1, PageID.136]. The judge then indicated she wished to sign the proposed order the parties submitted, and said, "Do you have a new order for me [to sign]? I scribbled on the ones you provided." Neither party had a clean copy of the order, so the judge told the parties to submit one for her signature. [*Id.*].

The parties did submit the proposed order to the court on March 9, 2018. Defendants also sent Glowacki a letter via email and regular mail on

March 9, 2018.  In the letter, Defendants stated: "Please find an unexecuted copy of the Order containing terms as dictated by the Judge on Wednesday, March 7, 2018.  We are awaiting signatures and we will provide you an executed copy upon receipt of same.  Please be advised that the Badalucco Firm are [sic] no longer your attorney of record." [ECF No. 13-4].  The judge signed and entered the order on March 14, 2018.

Glowacki filed this action on March 13, 2020.  She alleges legal malpractice against Badalucco individually and against the Badalucco Firm based on vicarious liability.

Defendants move to dismiss the case.  The motion is fully briefed.

### III.   LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency.  The federal rules require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible where the facts allow the court to infer that the defendant is liable for the misconduct

alleged. *Id.* This requires more than "bare assertions of legal conclusions"; a plaintiff must provide the "grounds" of his or her "entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *Twombly*, 550 U.S. at 555 (while detailed factual allegations are not required, a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action"). Ultimately, the question is "'not whether [the plaintiff] will ultimately prevail' . . . but whether [the] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (citations omitted).

In deciding a motion under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pled factual allegations, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.*

**IV. ANALYSIS**

Defendants say the Court should dismiss the complaint because Glowacki fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and because she failed to file suit within the applicable two year statute of limitations.

**A. Plaintiff Fails to State a Claim Under Fed. R. Civ. P. 12(b)(6)**

To state a claim for legal malpractice in Michigan, a plaintiff must allege: "(1) the existence of an attorney-client relationship; (2) negligence in the legal representation of the plaintiff; (3) that the negligence was the proximate cause of an injury; and (4) the fact and the extent of the injury alleged." *Kloian v. Schwartz*, 272 Mich. App. 232, 240 (2006) (citing *Charles Reinhart Co. v. Winiemko*, 444 Mich. 579, 585-86 (1994)).

An attorney's duty in representing a client is to exercise "'reasonable skill, care, discretion and judgment,'" and to act "as would an attorney 'of ordinary learning, judgment or skill under the same or similar circumstances.'" *Simko v. Blake*, 448 Mich. 648, 656 (1995) (citation omitted). Notably, "mere errors in judgment by a lawyer are generally not grounds for a malpractice action where the attorney acts in good faith and exercises reasonable care, skill, and diligence." *Id.* at 658.

5

Defendants argue that Glowacki fails to adequately plead the last three elements of her malpractice claim.

With respect to the second element – i.e., negligent legal representation – the Court disagrees with Defendants.  In Paragraph 13 of the operative complaint, Glowacki alleges the following:

> 13.   Defendants were professionally negligent in their representation of Plaintiff in the underlying divorce, including, but not limited, to the following:
>
> a.   Defendants executed a stipulation for a joint business valuation on Plaintiff's behalf after moving to withdraw as Plaintiff's counsel, citing a breakdown in the attorney-client relationship.
>
> b.   Defendants chose Jeffrey Freeman to serve as the receiver for Martin Glowacki's medical practice and for the parties' marital assets when Mr. Freeman was biased in favor of Martin Glowacki.
>
> c.   Defendants advised Plaintiff to waive the conflict of interest associated with Mr. Freeman's service as receiver.
>
> d.   Defendants failed to follow up on, and enforce, the underlying court order regarding Mr. Freeman's service as receiver, including the failure to require accountings by Mr. Freeman of marital funds and business funds.
>
> e.   Defendants' failures allowed Martin Glowacki, under the guise of a receivership, to divert substantial sums to himself both directly and indirectly through his medical practice.

6

> f. Defendants failed to take action to ensure payment of interim support to Plaintiff.

[ECF No. 7, PageID.18].

Although some of these allegations are conclusory, Glowacki identifies several instances of alleged negligence, including claims that: Defendants selected a receiver who was biased in favor of her husband; Defendants failed to enforce a court order requiring the receiver to provide accountings of marital and business funds; and Defendants failed to ensure that Dr. Glowacki made interim support payments. Glowacki sufficiently alleges negligence in Defendants' legal representation of her. *See Kloian*, 272 Mich. App. at 240.

However, with respect to the third and fourth elements of a legal malpractice claim – proximate cause and damages – Glowacki's conclusory allegations are insufficient to state a claim upon which relief can be granted. The only facts Glowacki alleges regarding these elements are as follows:

> 14. Defendants' professional negligence proximately caused injury and harm to Plaintiff.
>
> 15. Defendants' professional negligence economically harmed Plaintiff, and severely disadvantaged her in her case, including, by way of example only, by allowing Martin Glowacki to divert, directly and indirectly through his medical practice, substantial sums to himself while failing to provide sufficient interim support for Plaintiff, and by allowing Mr. Freeman to

7

>    breach and violate his duties as receiver in violation of court order.
>
>    16.   Defendants' professional negligence likewise proximately caused non-economic injury to Plaintiff, including, by way of example only, emotional distress, embarrassment, humiliation, mortification, and mental anguish.

[ECF No. 7, PageID.18-19].

Glowacki's allegations fail to satisfy the proximate cause and injury elements of a legal malpractice claim.  *See Kloian*, 272 Mich. App. at 241.  In addition to alleging that Defendants' negligence proximately caused an injury, Glowacki was required to state the extent of that injury.  *Id.* at 240-41; *Charles Reinhart*, 444 Mich. at 585-86.  Glowacki does neither.

"[T]o prove proximate cause a plaintiff in a legal malpractice action must establish that the defendant's action was a cause in fact of the claimed injury.  Hence, a plaintiff 'must show that *but for* the attorney's alleged malpractice, [she] would have been successful in the underlying suit.'"  *Charles Reinhart*, 444 Mich. at 586 (citation and internal footnote omitted).  Glowacki does not allege any facts regarding the outcome of her divorce proceeding, let alone any facts regarding how the outcome would have been more favorable to her *but for* Defendants' alleged malpractice.  Similarly, Glowacki fails to allege any facts regarding the extent of her purported injury.

Because Glowacki fails to plausibly allege the third and fourth elements of her legal malpractice claim, the second amended complaint must be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

### B. The Court Need Not Determine Whether the Action is Time-Barred

On March 7, 2018, the circuit court ruled from the bench on Defendants' motion to withdraw. Defendants say the oral ruling is the relevant date when determining the accrual date of Glowacki's claims. But Glowacki says the court's oral ruling is immaterial, and her claims did not accrue until the court entered the signed order on March 14, 2018.

The Court examined relevant law and finds there to be a conflict in authority. *Compare Hall v. Fortino*, 158 Mich. App. 663, 667 (1986) ("A court speaks only through its orders and judgments and not its oral pronouncements."), *with Houthoofd v. Law Office of Matthew Reyes*, No. 340514, 2018 WL 3551943, at *4-5 (Mich. Ct. App. July 24, 2018) (finding that defendant's "last day of professional service, and the date of accrual of a legal malpractice claim, was on October 21, 2004" – the date the court granted on the record defendant's motion to withdraw – and explaining that "[a]lthough plaintiff correctly contends that MCR2.602(A)(1) requires all court orders to be in writing, signed, and dated, he has cited no authority

9

for the proposition that failure to reduce an oral ruling made on the record regarding a motion to withdraw renders that ruling ineffective"), *and Wawrzyniak v. Peuterbaugh*, No. 184829, 1996 WL 33348606, at *3 (Mich. Ct. App. Nov. 1, 1996) ("Although a court speaks through its written orders and judgments and not its oral statements, [defendant] was not free to disobey the court's July 9, 1993, bench ruling." (internal citation omitted)).

However, because Defendants' Fed. R. Civ. P. 12(b)(6) argument is dispositive, it is unnecessary for the Court to address the statute of limitations issue.

**V. CONCLUSION**

The Court **GRANTS** Defendants' motion to dismiss. The case is **DISMISSED WITH PREJUDICE**.

**IT IS ORDERED**.

s/ Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: January 19, 2021